IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES E. BUTCHER, II #01745368 | § | |
| VS. | § | CIVIL ACTION NO. 6:23-046 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Charles E. Butcher, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this habeas action pursuant to 28 U.S.C. § 2241 seeking compassionate release from prison. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. The Petition**

Petitioner alleges that he has been diagnosed with prostate cancer and requires immediate treatment. He attaches to his petition Progress Notes from an office visit dated November 2, 2022, which confirm a diagnosis of UIR prostate cancer and treatment options of surgery and radiation. (Dkt. #1-1–1-2.) The plan as of that date was for additional testing, consultation with TDCJ to determine whether Petitioner could receive brachytherapy at the VA, a telemed follow-up if VA treatment was not possible, and a urology follow-up in December. (Dkt. #1-2.)

Petitioner does not provide any information about what medical care he has been prescribed or received since that date. He seeks compassionate release pursuant to 18 U.S.C. § 3582 so that

he can obtain immediate treatment outside the TDCJ and suggests that the Board of Pardons and Paroles should authorize his release. (Dkt. #1 at 2, 6–7.)

**II. Standard of Review**

The Rules Governing Section 2254 cases, which may be applied to cases brought under Section 2241, require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The federal writ of habeas corpus is available only when an inmate in custody on a state conviction establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

**III. Discussion and Analysis**

While Petitioner cites 18 U.S.C. § 3582, this statute applies only to persons incarcerated by the Federal Bureau of Prisons, not state prison facilities. *See*, *e.g.*, *Dunn v. Collier*, No. 6:21-CV-265-JDK-JDL, 2022 WL 476073, at *2 (E.D. Tex. Feb. 16, 2022) ("18 U.S.C. § 3582 applies only to federal prisoners, and no statutory provision exists allowing the federal courts to order compassionate release for state inmates."); *Wilson v. Warden, Morehouse Parish Jail*, No. 20-

1252, 2020 WL 7700611 (W.D. La., November 16, 2020), *report adopted at* 2020 WL 7701492 (W.D. La., December 28, 2020).  There is no statutory provision allowing federal courts to order compassionate release for state inmates.

Similarly, Petitioner asserts that he seeks release by the Board of Pardons and Paroles, but he has no constitutional right to release on parole. It is well-settled that a state prisoner does not have a federal constitutional right to early release onto parole. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant parole or deny parole is discretionary under Texas law—and the Texas parole statutes, both past and present, do not create a protected liberty interest that would implicate constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted). Without such an interest, there is no federal right to habeas relief for this Court to enforce.

For those reasons, Plaintiff has not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment.[1] "Federal habeas relief cannot be had 'absent the allegation by a

---

[1] If Petitioner believes that the medical care he is receiving as a prisoner falls below the constitutional minimum, he may bring that claim in a civil rights action for injunctive relief and/or damages pursuant to

3

plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Court should therefore deny Petitioner's requested relief and dismiss his petition.

**IV. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal."*Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis"

---

42 U.S.C. § 1983. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (explaining that challenges to the validity or duration of an inmate's confinement in prison are properly brought as habeas corpus petitions, but challenges to the conditions of confinement are properly brought as civil rights claims under Section 1983).

and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or establish that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings.  Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice.  It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 4th day of October, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE